UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

HELAYNE SEIDMAN,

                Plaintiff,

vs.

AUTHENTIC BRANDS GROUP LLC,

                Defendant.

Case No. 1:19-cv-08343-LJL

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR AN ORDER REQUIRING PLAINTIFF TO POST A BOND

**LAW OFFICE OF JENNA K. KARADBIL, P.C.**
40 Worth Street, 10th Floor
New York, New York 10013
(646) 527-7323

**DICKINSON WRIGHT PLLC**
8363 West Sunset Road, Suite 200
Las Vegas, Nevada 89113-2210
(702) 550-4400
*Attorneys for Defendant Authentic Brands Group LLC*

On the Brief:
Jenna F. Karadbil , Esq.
John L. Krieger, Esq.  (Admitted *pro hoc vice*)

1

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................................ 2

II. FACTUAL AND PROCEDURAL BACKGROUND ....................................................... 2

    A. The Photograph and Action ..................................................................................... 2

    B. The Offer of Judgment and Bond Request ............................................................. 3

III. ARGUMENT ........................................................................................................................ 4

    A. Plaintiff Will Likely Be Required to Pay ABG's Attorneys' Fees and Costs ........ 5

    B. Mr. Liebowitz and His Clients Have a History of Non-Compliance with Past Court Orders ........................................................................................................... 7

IV. CONCLUSION .................................................................................................................... 8

## TABLE OF AUTHORITIES

Page

**Cases**

*Barcroft Media, Ltd. v. Coed Media Grp. LLC*,
   297 F. Supp. 3d 339 (S.D.N.Y. 2017) ................................................................................. 5

*Berger v. Imagina Consulting, Inc.*,
   No. 18-cv-08956 (CS) ........................................................................................................ 9

*FlameFlynet, Inc. v. Shoshanna Collection, LLC*,
   282 F.Supp. 3d 627 (S.D.N.Y. 2017), *appeal withdrawn*, No. 18-633, 2018 WL 2740233 (2d. Cir. Mar. 20, 2018) ............................................................................................................. 5

*Gaylord v. United States*,
   112 Fed. Cl. 539 (2013), *affirmed* 777 F.3d 1363 (2015) ................................................. 6

*Jose Luis Pelaez, Inc. v. McGraw-Hill Glob. Educ. Holdings LLC*,
   399 F. Supp. 3d 120 (S.D.N.Y. 2019 ................................................................................. 7

*McDermott v. Monday, LLC*,
   No. 17-cv-9230 (DLC), 2018 WL 1033240, at *3 (S.D.N.Y. Feb. 22, 2018) .................... 7

*Papazian v. Sony Music Entm't*,
   No. 16-cv-07911 (RJS), 2017 WL 4339662, at *5 (S.D.N.Y. Sept. 28, 2017) .................. 6

*Pereira v. 3072541 Canada Inc.*,
   No. 17-cv-6945 (RA), 2018 WL 5999636, at *3 (S.D.N.Y. Nov. 15, 2018) ..................... 8

*Reynolds v. Hearst Commc'ns, Inc.*,
   No. 17-cv--6720 (DLC), 2018 WL 1229840, at *2 (S.D.N.Y. Mar. 5, 2018) .................... 3

*Rice v. Musee Lingerie, LLC*,
   No. 18-cv-9130 (AJN), 2019 WL 2865210, at *1 (S.D.N.Y. July 3, 2019) ............... 4, 5, 8

*Rice v. NBCUniversal Media, LLC*,
   No. 19-cv-447 (JMF), 2019 WL 3000808, at *1 (S.D.N.Y. July 10, 2019) .................. 7, 8

**Statutes**

17 U.S.C §505 ............................................................................................................................... 3

**Rules**

Fed. R. Civ. P. 68 ..................................................................................................................... 2, 4

Defendant, Authentic Brands Group LLC ("ABG"), respectfully submits this Memorandum of Law in support of its Motion for an order requiring Plaintiff Helayne Seidman ("Plaintiff") to post a bond.

## I.   INTRODUCTION

As this Court is likely aware, since his admission a few years ago, Richard Liebowitz, counsel for Plaintiff, has filed hundreds of potentially expensive, often frivolous, infringement actions where low damages, if any, are at stake. Courts in this District have referred to Mr. Liebowitz as a "copyright troll." Mr. Liebowitz's practices have been repeatedly sanctioned by the Court, including throughout this District.

This case is particularly troublesome for Plaintiff and Mr. Liebowitz because there are little, if any, damages at stake. Here, Plaintiff merely took a head on photograph of a sculpture of a third party displayed at a free art exhibit. Here copyright is specious, as is her demand for a license fee given that she does not own the underlying work. In light of these facts, and Mr. Liebowitz's conduct in prior cases, ABG served an Offer of Judgment well exceeding five times any potential damages. That Offer was not accepted.

ABG now moves the Court to require Plaintiff to post a bond based on the significant fees and costs that ABG is likely to incur in defending this action, and the strong merits of ABG's defense and the high likelihood that Plaintiff will not obtain a judgment more favorable than the Offer, both of which would require Plaintiff to pay ABG's attorneys' fees and costs.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

A.   <u>The Photograph and Action</u>

Plaintiff is allegedly a professional photographer in business of licensing her photographs to online and print media for a fee. *See* ECF No. 14 at ¶ 5. Plaintiff is the alleged author of a

photograph of a third-party artist's sculpture which is attached as Exhibit A to the Amended Complaint (the "Photograph"). *See id.* at ¶ 7. Plaintiff was not the artist that created the sculpture, nor did she have any input into how it was displayed at the art exhibit. Plaintiff alleges that at some time after the Photograph was taken, she licensed it to the New York Post who then published the Photograph on February 16, 2010 in an article entitled "*Shaq's in the paint with new art show.*" *Id.* at ¶¶ 8, 9.

Plaintiff alleges that the Photograph was posted on the Facebook page of Shaquille O'Neal by ABG on or about March 9, 2012 (the "Post"). *Id*. at ¶ 12 and Ex. D. The Post occurred about two years *after* the art exhibit had closed. *See id.* at Exs. A, D. The Post was liked by just 22 people and shared only 3 times. *See id*. at Ex. D.

ABG believes that Mr. Liebowitz found the Post in or around July of 2019, and subsequently allegedly filed and obtained a copyright registration for the Photograph on or about August 3, 2019. *See id*. at ¶ 14 and Ex. C. On September 8, 2019, Plaintiff filed this action. *See* ECF No. 1.

In response to ABG's Motion to Dismiss that Plaintiff's claims were time-barred, since the Post occurred in winter 2012, yet even with her sophistication and familiarity with filing copyright infringement suits (she has filed over 40 in this District alone), she did not file suit until fall 2019, Plaintiff filed the Amended Complaint. *See* ECF No. 14.

B.    The Offer of Judgment and Bond Request

ABG served an Offer of Judgment on Plaintiff/Liebowitz on March 5, 2020 (the "Offer"). Plaintiff failed to accept the Offer within the timeframe set forth in Fed. R. Civ. P. 68. Without revealing the exact amount, the Offer well exceeded more than five (5) times Plaintiff's best-case

scenario historical licensing fees. Thus, the Offer was substantial enough that Plaintiff will almost certainly recover less than the Offer amount should she be successful at trial.

The parties met and conferred by telephone regarding ABG's intended motion to require Plaintiff to post a bond during the Rule 26 conference on February 18, 2020, and were unable to reach an agreement. *See* ECF No. 23 at ¶ 15. Additionally, the Court indicated during the March 10, 2020 Initial Pretrial Conference that ABG could proceed with a request for a bond once the Offer expired.

Given that fee shifting is available under §505 of the Copyright Act, 17 U.S.C. §505, there is a significant risk that Plaintiff will be required to pay ABG's attorneys' fees either through (1) ABG's success in this action, or (2) the cost-shifting mechanism of Rule 68. Accordingly, the Court should order Seidman to post a bond of not less than $20,000.

## III.   ARGUMENT

Local Civil Rule 52.4 states that the Court, on motion or its own initiative, may order any party to file a bond for costs in an amount and with such conditions as it chooses. *See* Local Civil Rule 54.2.  The costs for which a bond may be required under Rule 54.2 include a defendant's reasonable attorney's fees. *Reynolds v. Hearst Commc'ns, Inc.*, No. 17-cv--6720 (DLC), 2018 WL 1229840, at *2 (S.D.N.Y. Mar. 5, 2018) (*citing* 17 U.S.C. § 505).

Courts consider several factors when determining whether a bond is appropriate, including: "(1) the financial condition and ability to pay of the party at issue; (2) whether that party is a non-resident or foreign corporation; (3) the merits of the underlying claims; (4) the extent and scope of discovery; (5) the legal costs expected to be incurred; and (6) compliance with past court orders." *Rice v. Musee Lingerie, LLC*, No. 18-cv-9130 (AJN), 2019 WL 2865210, at *1 (S.D.N.Y. July 3, 2019).  However, the court need not consider every factor in

4

every case. *See id.* In copyright cases, courts frequently consider only the fifth and sixth factors. *See id*. (collecting cases). These two factors weigh strongly in favor of requiring a bond, both because of the legal costs that ABG expects to have to incur to properly defend this action, and because of Mr. Liebowitz's history of non-compliance with past court orders.

A.      <u>Plaintiff Will Likely Be Required to Pay ABG's Attorneys' Fees and Costs</u>

As to the fifth factor, it is very likely that Plaintiff will have to pay ABG's costs for this action. Under Federal Rule of Procedure 68, if ABG obtains a judgement or if Plaintiff obtains a judgment less favorable than the rejected Offer, then Plaintiff "must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68.  In copyright cases, such "costs" include attorneys' fees. *See e.g.*, *Mango v. Democracy Now! Productions, Inc.*, No. 18-cv-10588 (DLC), 2019 WL 3325842, at \*4 (S.D.N.Y. July 24, 2019); *see also Leibowitz v. Galore Media, Inc., No. 18-cv-2626 (RA) (HBP)*, 2018 WL 4519208, at \*4 (S.D.N.Y. September 20, 2018) ("a defendant in a Copyright Action may recover post-offer costs if the plaintiff recovers less than the amount of the Rule 68 Offer").  As ABG made no money on the Post, Plaintiff's actual damages, if any, are limited to the license fee for use of the Photograph.

In this District, awards for copyright infringement typically do not exceed beyond three to five times the license fee for a work, even where willfulness is found. *See Rice v. Musee*, 2019 WL 2865210,. at \*2; *see also*, *FlameFlynet, Inc. v. Shoshanna Collection, LLC*, 282 F.Supp. 3d 627 (S.D.N.Y. 2017), *appeal withdrawn*, No. 18-633, 2018 WL 2740233 (2d. Cir. Mar. 20, 2018); *Barcroft Media, Ltd. v. Coed Media Grp. LLC*, 297 F. Supp. 3d 339, 359 (S.D.N.Y. 2017).

Based on well-settled precedent in this District, ABG is confident that only one of two outcomes will occur. Either it will be successful in this action or Plaintiff will not recover as

5

much at trial as the Offer amount.  Plaintiff's claims have little to no value. As Plaintiff's counsel confirmed to this Court at the Initial Pretrial Conference, the Photograph is that of a third-party artist's sculpture. Plaintiff was not the artist, nor did she have anything to do with how the sculpture was exhibited. Thus, Plaintiff's copyright is likely questionable, at best. Particularly, given Plaintiff's apparent lack of any creative input in merely taking a head-on photograph of the sculpture itself. An artist has the exclusive right to reproduce his or her sculpture, including, by photograph. *See e.g., Gaylord v. United States*, 112 Fed. Cl. 539 (2013), *affirmed* 777 F.3d 1363 (2015). Thus, the value of Plaintiff's copyright, and by extension the resulting alleged license fee, if any, is exceedingly minimal.

ABG is informed and believes from prior cases in this District that Plaintiff is not paid a per photograph license fee by the NY Post, rather she is paid a day rate regardless of the number of photographs she takes. Such day rate in prior cases has been noted to be $300, though counsel for Plaintiff was not certain of the day rate at issue during the Initial Pretrial Conference and Plaintiff has not yet produced any relevant documents pursuant to the Court's March 10, 2020 Order.  Assuming, *arguendo*, the Photograph was the only photograph purchased by the NY Post that day, $300 would be the highest fair market value for the license at issue. ABG's Offer well exceeds *five times* the highest conceivable license fee for use.

Additionally, the alleged infringement of the Photograph occurred over eight (8) years ago and is alleged to have only occurred on a single instance in a single Facebook posting. *See* ECF No. 14 at ¶ 12. Because the only alleged infringing act occurred in winter 2012, Plaintiff is barred from recovering actual or statutory damages before and after the statute of limitations period. *See, e.g., Papazian v. Sony Music Entm't*, No. 16-cv-07911 (RJS), 2017 WL 4339662, at *5 (S.D.N.Y. Sept. 28, 2017); *Jose Luis Pelaez, Inc. v. McGraw-Hill Glob. Educ. Holdings LLC*,

399 F. Supp. 3d 120, 135–36 (S.D.N.Y. 2019). Thus, damages, if any, would only be available from the period 3 years prior to filing suit up to the filing date of this action (September 8, 2016 to September 8, 2019). As no act of infringement occurred from 2016 to the filing date, there are no damages. Thus, it is very likely that Plaintiff will be required to pay ABG's attorneys' fees and costs.

B.  Mr. Liebowitz and His Clients Have a History of Non-Compliance with Past Court Orders

As to the sixth factor, Mr. Liebowitz has an extensive history of non-compliance with past court orders. Mr. Liebowitz is a well-known copyright troll in this District. A court in this District recently found that "it is no exaggeration to say that there is a growing body of law in this District devoted to the question of whether and when to impose sanctions on Mr. Liebowitz alone." *Rice v. NBCUniversal Media, LLC*, No. 19-cv-447 (JMF), 2019 WL 3000808, at *1 (S.D.N.Y. July 10, 2019) (report and recommendation adopted by No. 19-cv-447 (JMF), 2019 WL 3752491 (S.D.N.Y. Aug. 8, 2019) (collecting cases); *see also McDermott v. Monday, LLC*, No. 17-cv-9230 (DLC), 2018 WL 1033240, at *3 (S.D.N.Y. Feb. 22, 2018) ("Plaintiff's counsel, Richard Liebowitz, is a known copyright 'troll,' filing over 500 cases in this district alone in the past twenty-four months"). Since his admission a few years ago, Mr. Liebowitz has filed hundreds of potentially expensive, often frivolous, infringement actions where low damages, if any, are at stake. *See McDermott*, 2018 WL 1033240, at *3 & n. 4. As noted above, this case borders on frivolous and there are low, if any, damages at stake.

Courts have repeatedly found that Mr. Liebowitz willfully and routinely violates court orders. *Pereira v. 3072541 Canada Inc.*, No. 17-cv-6945 (RA), 2018 WL 5999636, at *3 (S.D.N.Y. Nov. 15, 2018) ("The Court finds particularly concerning Mr. Liebowitz's repeated

7

failures to follow the orders and rules of this Court and others within the district."); *Leibowitz*, 2018 WL 4519208 at *2 (imposing a bond due to Mr. Liebowitz's "well-documented history of evading court orders in similar litigation in this District"); *Rice v. NBCUniversal*, 2019 WL 3000808, at *4 (finding that Mr. Liebowitz willfully disobeyed the court's orders). Due to his tactics, courts have previously required Mr. Liebowitz to post a bond in order to proceed with actions on their own initiative and imposed bonds on Mr. Liebowitz's clients by motion. *Rice v. Musee*, 2019 WL 2865210, at *3 (collecting cases in which Mr. Liebowitz has been sanctioned for failure to comply with court orders). This case is no different.

Mr. Liebowitz's tactics, including lying to the Court, obstructing discovery, propensity for taking unreasonable positions and willful failure to disclose crucial facts, "inevitably increase the cost of litigation." *See Reynolds*, 2018 WL 1229840, at *4; *see also Pereira*, 2018 WL 5999636, at *3 (finding that Mr. Liebowitz attempts to increase costs and extort unwarranted settlements with unreasonable positions, omitted facts and outright misrepresentations); *Berger v. Imagina Consulting, Inc.*, No. 18-cv-08956 (CS) (finding that Mr. Liebowitz willfully lied to the Court repeatedly about his grandfather's death and willfully failed to comply with lawful Court orders). Thus, ABG has a justified concern that Plaintiff, through counsel, will imprudently increase the cost of litigation and evade court orders.

Given Mr. Liebowitz's history and the anticipated costs of litigation, the Court should order a bond.

## IV.   CONCLUSION

Under Local Civil Rule 54.2, the Court has the discretion to set a bond amount. While ABG remains at the Court's disposal should it require specific information regarding the expected cost to assess the bond amount, ABE believes, given Mr. Liebowitz's prior history, that

8

the Court should require a bond no less than $20,000, which is significantly less than the costs of defending this action.   ABG respectfully requests this Court issue an order requiring Plaintiff to post a bond of no less $20,000, or such other amount as the Court deems proper.

                              Respectfully Submitted,

Dated:  April 8, 2020          **LAW OFFICE OF JENNA K. KARADBIL, P.C.**
                              40 Worth Street, 10th Floor
                              New York, New York 10013
                              Tel:  (646) 527-7323
                              Fax:  (866) 289-5775

                              **DICKINSON WRIGHT PLLC**
                              8363 West Sunset Road, Suite 200
                              Las Vegas, Nevada 89113-2210
                              Tel:  (702) 550-4400
                              Fax:  (844) 670-6009

                              *Attorneys for Defendant Authentic Brands Group LLC*

                              By:   /s/ John L. Krieger
                                  Jenna F. Karadbil , Esq.
                                  John L. Krieger, Esq. (Admitted *pro hoc vice*)

## CERTIFICATE OF SERVICE

Pursuant to 17 U.S.C. § 411 (a) and Fed. R. Civ. P. 4(i), the undersigned certifies that on the 8th day of April 2020, a true and complete copy of **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR AN ORDER REQUIRING PLAINTIFF TO POST A BOND** was served by electronic means pursuant to the Court's Electronic Case Filing ("ECF") system on all parties of interest as follows:

>  Richard Liebowitz
>  **LIEBOWITZ LAW FIRM, PLLC**
>  11 Sunrise Plaza, Suite 305
>  Valley Stream, NY 11580
>  Email:  RL@LiebowitzLawFirm.com
>  *Attorneys for Plaintiff Helayne Seidman*

DATED this 8th day of April 2020.

>  **LAW OFFICE OF JENNA K. KARADBIL, P.C.**
>  40 Worth Street, 10th Floor
>  New York, New York 10013
>  Tel:  (646) 527-7323
>  Fax:  (866) 289-5775
>
>  **DICKINSON WRIGHT PLLC**
>  8363 West Sunset Road, Suite 200
>  Las Vegas, Nevada 89113-2210
>  Tel:  (702) 550-4400
>  Fax:  (844) 670-6009
>
>  *Attorneys for Defendant Authentic Brands Group LLC*
>
>  By:  /s/ John L. Krieger
>        Jenna F. Karadbil , Esq.
>        John L. Krieger, Esq. (Admitted *pro hoc vice*)

4814-7744-5305 v1 [66113-20001]