UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
                                   :

HELYANE SEIDMAN,                       :

                Plaintiff,      :

                                     :           19-cv-8343 (LJL)

       -v-                    :

                                     :       OPINION & ORDER

AUTHENTIC BRANDS GROUP LLC,     :

                                   :

                Defendant.    :

                                   :
--------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/21/2020

LEWIS J. LIMAN, United States District Judge:

      Defendant Authentic Brands Group LLC ("ABG" or "Defendant") moves for an order requiring Plaintiff Helayne Seidman ("Seidman" or "Plaintiff") to post a bond. For the following reasons, that motion is denied.

## BACKGROUND

      Plaintiff is a professional photographer in the business of licensing her photographs to online and print media for a fee. (Dkt. No. 19 ¶ 5.) Many years ago, she photographed a mask sculpture at an art show (the "Photograph"). (*Id.* ¶ 11, Exhibit A.) She licensed the Photograph to the New York Post, which published it on February 16, 2010 in an article entitled "*Shaq's in the paint with new art show.*" (*Id.* ¶¶ 8–9.)

      Plaintiff now alleges that Defendant, a foreign limited liability company that operates Shaquille O'Neal's Facebook page, ran the Photograph on the Facebook page without obtaining a license from her or her consent. (*Id.* ¶¶ 6, 10–11.) It is apparently not disputed that Defendant published the Photograph on or about March 9, 2012. (*Id.*, Exhibit D; Dkt. No. 28 at 3.) Plaintiff alleges she first discovered the Facebook post in July 2019. (Dkt. No. 19 ¶ 14.) She registered the Photograph with the United States Copyright Office on or about August 3, 2019.

(*Id.* ¶ 11, Exhibit C.)  On September 8, 2019, she brought this action alleging copyright infringement under 17 U.S.C. §§ 106 and 501.  (*See generally id.*)  Among other relief, she seeks statutory damages and a declaration that ABG infringed her copyright. (*Id.* at 4–5.)

On March 5, 2020, ABG served an Offer of Judgment (the "Offer") on Plaintiff, pursuant to Federal Rule of Civil Procedure 68.  (Dkt. No. 28 at 3.)  Defendant avers that the Offer "well exceeded more than five (5) times Plaintiff's best-case scenario historical licensing fees."  (*Id.* at 3–4.)  Plaintiff rejected the Offer of Settlement.  (*Id.* at 5.)  This motion followed, in which Defendant seeks a bond of not less than $20,000.  (*Id.* at 9.)

## DISCUSSION

Local Civil Rule 54.2, titled "Security for Costs," states as follows:

> The Court, on motion or on its own initiative, may order any party to file an original bond for costs or additional security for costs in such an amount and so conditioned as it may designate. For failure to comply with the order the Court may make such orders in regard to noncompliance as are just, and among others the following: an order striking out pleadings or staying further proceedings until the bond is filed or dismissing the action or rendering a judgment by default against the noncomplying party.

Courts consider several factors when determining whether a bond is appropriate, including: "(1) the financial condition and ability to pay of the party at issue; (2) whether that party is a non-resident or foreign corporation; (3) the merits of the underlying claims; (4) the extent and scope of discovery; (5) the legal costs expected to be incurred; and (6) compliance with past court orders."  *Rice v. Musee Lingerie, LLC*, 2019 WL 2865210 at *1 (S.D.N.Y. July 3, 2019); *Cruz v. American Broadcasting Companies, Inc.*, 2017 WL 5665657 at *1 (S.D.N.Y. Nov. 17, 2017); *Gary Friedrich Enterps. LLC v. Marvel Enterps., Inc.*, 2010 WL 3452375 at *2 (S.D.N.Y. Sept. 1, 2010); *Johnson v. Kassovitz*, 1998 WL 655534 at *1 (S.D.N.Y. Sept. 24, 1998).

"[T]he primary purpose of the bond requirement is to insure that whatever assets a party does possess will not have been dissipated or otherwise have become unreachable by the time . . .

costs actually are awarded." *Selletti v. Carey*, 173 F.3d 104, 112 (2d Cir. 1999) (emphasis omitted); *Valentini v. Citigroup, Inc.*, 2013 WL 4407065, at *5 (S.D.N.Y. Aug. 16, 2013) ("The primary purpose of the rule is to ensure that the prevailing party will be able to collect the costs and fees owed to it in situations where the other party is unlikely or unwilling to pay.") (quoting *Kensington Int'l Ltd. v. Congo*, 2005 WL 646086, at *1 (S.D.N.Y. Mar. 21, 2005)).  The rule was also "designed to encourage settlements without the burdens of additional litigation."  *Reiter v. MTA New York City Transit Auth.*, 457 F.3d 224, 229 (2d Cir. 2006).

The parties here disagree over a number of issues, including: whether ABG has offered sufficient evidence of Plaintiff's financial condition to justify a bond; whether it is dispositive that Plaintiff is not a non-resident or foreign corporation; whether the imposition of sanction awards on Plaintiff's counsel in other cases should be imputed to Seidman in this case (where neither she nor her counsel has been sanctioned); and whether the Court should consider anything other than the fifth and sixth *Rice* factors in a copyright case of this type.

The Court deems it unnecessary to reach any of those issues.  The most critical, and ultimately dispositive, issue here is what legal costs are expected to be incurred.  ABG does not argue that any of the bond factors would be satisfied here if the legal costs expected to be incurred were limited to filing fees and court reporter costs (which are typically covered by Federal Rule of Civil Procedure 54).  ABG argues, however, that a bond is justified because Plaintiff is likely to incur costs in the form of ABG's attorneys' fees.  ABG argues that Seidman will have to pay attorneys' fees at the end of this case because one of the following three scenarios is how this case will most likely end:

(1) ABG prevails and Rule 68 shifts ABG's post-Offer costs, including fees, to Plaintiff;

(2) Plaintiff prevails and is awarded an amount lower than the Offer, such that Rule 68 shifts ABG's post-Offer costs, including fees, to Plaintiff;

3

(3) ABG prevails and is awarded fees via Section 505 of the Copyright Act (apart from

Rule 68).

The Court discusses Rule 68 first and then whether a bond is appropriate under the

Copyright Act.

### *Rule 68*

Turning first to scenario (2) above, ABG argues that it is entitled to a bond that includes

ABG's post-Offer attorneys' fees because, even if Seidman prevails in this case, the Offer

exceeds the size of any damages award she is likely to receive.  Analysis of that argument

requires the Court to consider the language of Rule 68 and cases interpreting it, as well as the

language of the Copyright Act.

Rule 68(d) provides as follows:

> If the judgment that the offeree finally obtains is not more favorable than the
> unaccepted offer, the offeree must pay the costs incurred after the offer was made.

The Supreme Court has held that "all costs *properly awardable* in an action are to be considered

within the scope of Rule 68 'costs.'"  *Marek v. Chesny*, 473 U.S. 1, 9 (1985) (emphasis added);

*Wilson v. Nomura Sec. Int'l, Inc.*, 361 F.3d 86, 89 (2d Cir. 2004) (restating *Marek* definition).

By the same token, where the underlying statute *precludes* recovery of attorneys' fees, such fees

may not be included as costs for purposes of Rule 68.  *See Stanczyk v. City of New York*, 752

F.3d 273, 282 (2d Cir. 2014) (holding that, because 42 U.S.C. § 1983 allows "a civil rights

defendant [to] recover attorney's fees only when the plaintiff's claims are 'vexatious, frivolous,

or brought to harass or embarrass,' and a prevailing plaintiff by virtue of her victory exceeds this

standard, we cannot conceive of a situation in which attorney's fees could be properly awardable

to a non-prevailing defendant under Rule 68 in a civil rights action").  These seemingly

straightforward principles turn out to be quite intricate.

The Court begins with *Marek*.  In that case, a Section 1983 plaintiff rejected a Rule 68 offer and then prevailed at trial.  473 U.S. at 3–4.  The award, however, was less than the Rule 68 offer had been.  *Id.*  Still, the plaintiff demanded costs—including attorneys' fees.  *Id.*  Under 42 U.S.C. § 1988, "the court, in its discretion, may allow the prevailing party [in a Section 1983 case] . . . a reasonable attorney's fee as part of the costs."  The district court interpreted Rule 68 to preclude the plaintiff from recovering its otherwise-available fee award.  *Chesny v. Marek*, 547 F. Supp. 542, 547 (N.D. Ill. 1982).  But the Seventh Circuit disagreed.  The Seventh Circuit declined to adopt a "mechanical linking up of Rule 68 and section 1988," concluding that it would put "Rule 68 into conflict with the policy behind section 1988," which was "to encourage the bringing of meritorious civil rights actions."  *Chesny v. Marek*, 720 F.2d 474, 478 (7th Cir. 1983).  Accordingly, it reversed the district court's denial of an attorneys' fees award to the plaintiff.  *Id.* at 480.

 The Supreme Court "granted certiorari to decide whether attorney's fees incurred by a plaintiff subsequent to an offer of settlement under Federal Rule of Civil Procedure 68 must be paid by the defendant under 42 U.S.C. § 1988, when the plaintiff recovers a judgment less than the offer."  *Marek*, 473 U.S. at 3.  The Court solely addressed whether Rule 68 operated to cancel the plaintiff's entitlement to *its own* post-offer attorneys' fees when it was the prevailing party; because the defendant-petitioners made no claim for an award of their fees, the Court did not address that issue.

To determine whether the plaintiff was barred from recouping attorneys' fees, *Marek* focused on the language and intent of Rule 68, concluding that the term "costs" in the Rule "was intended to refer to all costs properly awardable under the relevant substantive statute or other authority."  *Id.* at 9.  The Court was unpersuaded that a "plain meaning construction" would "frustrate Congress' objective in § 1988 of ensuring that civil rights plaintiffs obtain effective

access to the judicial process." *Id.* at 10 (quotations omitted). The Court further noted that "Congress was well aware of Rule 68 when it enacted § 1988, and included attorney's fees as part of recoverable costs." *Id.* at 11.

Against that backdrop, the Court now turns to the "relevant substantive statute" in this case. *Id.* at 9. Section 505 of the Copyright Act provides:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee *to the prevailing party* as part of the costs.

17 U.S.C. § 505 (emphasis added). "A 'prevailing party' in a fee-shifting statute is one who has favorably effected a material alteration of the legal relationship of the parties by court order." *Manhattan Review LLC v. Yun*, 919 F.3d 149, 152–53 (2d Cir. 2019) (quotations omitted). Under Section 505, "[p]revailing plaintiffs and prevailing defendants are to be treated alike, but attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994); *Matthew Bender & Co. v. W. Pub. Co.*, 240 F.3d 116, 121 (2d Cir. 2001) (explaining that *Fogerty* held that "the standard governing the award of attorneys' fees under section 505 should be identical for prevailing plaintiffs and prevailing defendants").[1]

Courts are divided on the interaction between Rule 68 and Section 505. *See* 6 William F. Patry, *Patry on Copyright* § 22:215 (2020 ed.) (noting "a split in the circuits"); 4 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 14.10 (2019 ed.) (describing different circuit court positions). The Seventh and Ninth Circuits have held that only prevailing parties in

---

[1] "When determining whether to award attorneys fees [in a copyright action], district courts may consider such factors as (1) the frivolousness of the non-prevailing party's claims or defenses; (2) the party's motivation; (3) whether the claims or defenses were objectively unreasonable; and (4) compensation and deterrence." *Bryant v. Media Right Prods., Inc.*, 603 F.3d 135, 144 (2d Cir. 2010). "The third factor—objective unreasonableness—should be given substantial weight." *Id.*; *Matthew Bender & Co.*, 240 F.3d at 122.

copyright cases can receive attorneys' fees through Rule 68 and that a party is not a "prevailing party" if she does not receive a court order in her favor. *See Harbor Motor Co. Inc. v. Arnell Chevrolet-Geo Inc.*, 265 F.3d 638, 646–47 (7th Cir. 2001); *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1034 (9th Cir. 2013). The Fifth Circuit has expressed a favorable view of that position. *See Energy Intelligence Group, Inc. v. Kayne Anderson Capital Advisors, L.P.*, 948 F.3d 261, 280 (5th Cir. 2020) (describing *Harbor Motor Co Inc.* and *UMG Recordings, Inc.* with favor and stating that, "[u]nder *Marek*, attorney's fees are not 'properly awardable' to a non-prevailing party where the substantive statute only authorizes prevailing parties to recover fees as part of costs").

Looking outside of Copyright Act cases, the First Circuit has adopted the same animating principle that attorneys' fees are only recoverable under Rule 68 if they are recoverable by that party under the terms of the underlying statute. *See Crossman v. Marcoccio*, 806 F.2d 329 (1st Cir. 1986), *cert denied*, 481 U.S. 1029 (1987). In *Crossman*, the First Circuit rejected the following "deceptively simple syllogism":

> (1) Rule 68 requires appellants to pay appellees' post-offer costs;
> (2) Rule 68 costs, according to *Marek*, are determined by looking to . . . the underlying substantive statute governing costs;
> (3) [The underlying statute] permits the recovery of attorney's fees as part of costs;
> (4) Rule 68, therefore, requires appellants to pay appellees' post-offer attorney's fees.

*Id.* at 133. The *Crossman* court acknowledged that "the logic of this syllogism [was] appealing" but concluded that "the second and third steps . . . distort[ed] the law governing the relationship between Rule 68 and [the underlying statute] by ignoring the two crucial words that serve to qualify the holding of the *Marek* case." *Id.* Those two crucial words are: "properly awardable." *Id.* (citing *Marek*, 473 U.S. at 9) ("*Marek* states that 'the term 'costs' in Rule 68 was intended to refer to all costs *properly awardable* under the relevant substantive statute or other authority.'")

(emphasis in *Crossman*).

     *Crossman* confronted the question that had escaped scrutiny in *Marek*.  That question was "whether prevailing civil rights plaintiffs must pay their *opponents'* . . . attorney's fees after refusing to accept a pretrial offer of judgment that exceeds the amount they ultimately recover at trial."  *Id.* at 330 (emphasis added).  The underlying statute permitted (but did not require) an award of attorneys' fees "only to a 'prevailing party'" and only to a defendant if "the plaintiff's action was 'frivolous, unreasonable, or without foundation.'"  *Id.* at 334.  Because the defendants had not "prevailed" and because there was "no reason to believe that appellants' case was frivolous or meritless," the *Crossman* court concluded that "attorney's fees were not 'properly awardable' costs as defined by [the statute] and, therefore, were not part of the costs shifted to plaintiff by the operation of Rule 68."  *Id.*  "To hold otherwise," the court explained, "would fly in the face of the Supreme Court's carefully crafted decision in *Marek*."  *Id.*

     That is a popular understanding of Rule 68 and *Marek*.  In *Hescott v. City of Saginaw*, the Sixth Circuit joined "all but one of [its] sister circuits" in "concluding that a losing civil-rights defendant cannot recover its post-offer attorneys' fees under Rule 68 because such a party does not satisfy the requirements for a fee award under [the underlying statute]."  757 F.3d 518, 528 (6th Cir. 2014) (citing First, Third, Fifth, Seventh, Eighth, and Ninth Circuit decisions).  As the Sixth Circuit explained, "We cannot force through the back-door of a court rule what Congress and the Supreme Court expressly barred at the front gates."  *Id.* at 529.[2]

---

[2] Commentators appear to agree with this weight of authority.  *See* 12 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3006.2 (3d ed. 2020) ("[T]he Supreme Court was careful to specify in *Marek* that only 'properly awardable' costs were to be awarded to defendants, and the lower courts have properly held that this means that civil-rights defendants can recover their fees as a part of costs under Rule 68 only if they can satisfy the otherwise-applicable standard for recovery by defendants.") (citing *Crossman* as the "leading case"); 6 William F. Patry, *Patry on Copyright* § 22:216 (2020 ed.) (calling this interpretation of *Marek* "favored by the majority of courts to have looked at the issue"); 1 Robert L. Rossi, *Attorneys' Fees* § 6:25 (3d ed. 2019) (deeming it the position taken by "most courts").

The Eleventh Circuit (the "one . . . sister circuit[]" referenced in *Hescott*) has allowed a non-prevailing offeror in a copyright case to receive compensation for post-offer attorney's fees, but it did so without analysis.  *See Jordan v. Time, Inc*., 111 F.3d 102, 105 (11th Cir. 1997) ("Under *Marek*[, 473 U.S. at 9], Rule 68 'costs' include attorneys' fees when the underlying statute so prescribes. The Copyright Act so specifies.").  The Eleventh Circuit has acknowledged, however, that "*Jordan* has been criticized." *Util. Automation 2000, Inc. v. Choctawhatchee Elec. Co-op., Inc*., 298 F.3d 1238, 1246 n.6 (11th Cir. 2002) (collecting contrasting cases from the D.C., First, Fourth, Fifth, Seventh, Eighth, and Ninth Circuits).

The Second Circuit has not addressed this issue in the Copyright Act context.  This Court acknowledges that several district courts in this circuit have adopted the *Jordan* approach.  *See Baker v. Urban Outfitters, Inc*., 431 F. Supp. 2d 351, 361 (S.D.N.Y. 2006), *aff'd*, 249 F. App'x 845 (2d Cir. 2007) ("[W]hen the plaintiff [in a copyright action] recovers less than the defendant's formal offer of judgment[,] . . . Rule 68 . . . requires an award to defendant of its fees incurred after that offer." (internal quotation omitted) (citing *Jordan*, 111 F.3d at 104–05); *Rice*, 2019 WL 2865210 at *3 (agreeing with *Baker* and *Jordan*, and collecting additional cases); *Lee v. W Architecture & Landscape Architecture*, 2019 WL 2272757 at *4 (E.D.N.Y. May 28, 2019) (agreeing with *Baker*); *but see Boisson v. Banian Ltd.*, 221 F.R.D. 378, 381 (E.D.N.Y. 2004) ("If prevailing party status is a prerequisite to [an attorneys' fees] award [pursuant to the underlying statute], a defendant who has not "prevailed" within the meaning of the statute, may not recover attorneys' fees as part of a Rule 68 award.").

This Court agrees with the Seventh and Ninth Circuits and respectfully disagrees with most of the district court cases cited above.  The most faithful reading of *Marek*, Rule 68, and Section 505 is that attorneys' fees are not available as costs under Rule 68 to a non-prevailing party.  Rule 68 makes attorneys' fees part of costs only when attorneys' fees would be "properly

awardable" under Section 505.  *Marek*, 473 U.S. at 9.  Section 505 does not make attorneys' fees available for any party to claim.  Rather, it limits the persons eligible to receive attorneys' fees to "prevailing part[ies]."  17 U.S.C. § 505.  The term "prevailing parties" has a particular meaning. Under Section 505, it means "one who has favorably effected a material alteration of the legal relationship of the parties' by court order."  *Manhattan Review LLC*, 919 F.3d at 152 (2d Cir. 2019) (quotations omitted) (a copyright case). That "material alteration" must "be judicially sanctioned." *Id.* (quotation omitted).  The statute does not permit the Court to award attorneys' fees to a person who is not a "prevailing party."  Rule 68, therefore, does not permit the Court to award those fees to a losing party.

This is the result that most accords with the logic of *Marek* as well as the Copyright Act. In crafting the fee-shifting provision of the Copyright Act, Congress was careful to limit the right to attorneys' fees only to prevailing parties and to provide a single standard for the award of fees that would apply equally to a prevailing plaintiff and a prevailing defendant.  *See Fogerty*, 510 U.S. at 527 (explaining Congress's intent that "defendants who seek to advance a variety of meritorious copyright defenses should be encouraged to litigate them to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement").  In so doing, Congress presumably recognized that the law it passed would allow any creator whose work was infringed on even a single occasion to bring a lawsuit.  It would allow that lawsuit even if the plaintiff could not prove damages (she may still be eligible to receive statutory damages, *see* 17 U.S.C. § 504).  And it would allow that lawsuit even if the infringement occurred in the distant past (because the Copyright Act follows the "discovery" rule, *see Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 124 (2d Cir. 2014)).

Under the statute Congress passed, there are deterrents against litigating a weak case, but those do not include the risk that a prevailing plaintiff will have to pay the attorneys' fees of the

losing defendant.  The main constraints on a plaintiff who pursues a weak case are the risk that if she loses, she must pay her adversary's fees and that even if she wins, she might not be entitled to recoup her own fees.  They also include the possibility that the Court might take the weakness of the claim into account in any award of statutory damages.

Rule 68, as interpreted by *Marek*, affects the balance struck in Section 505—but only to a limited extent.  Under *Marek*, a prevailing plaintiff whose judgment is less than a rejected offer cannot recover her own attorneys' fees.  *See Harbor Motor Co.*, 265 F.3d at 647 ("[A] judgment less favorable than the offer requires that a plaintiff . . . forego entitlement to its own attorney's fees.").  The *Marek* Court reached that result because it concluded that it was the only way to give "meaning to each word in both Rule 68 and [the underlying statute]."  473 U.S. at 9.  The Rulemakers used the word "costs" in Rule 68 ("the offeree must pay the costs incurred after the offer was made") and Congress defined "a reasonable attorney's fee as part of the costs" that "may" be reimbursable to a "prevailing party" under 42 U.S.C. § 1988.  *Marek*'s interpretation did not abridge, enlarge or modify any substantive right; it merely deprived a prevailing plaintiff of the opportunity to request fees to which, under the governing statute, it had no right.  *See* 28 U.S.C. § 2072.  To read *Marek* or Rule 68 to require the Court to award attorneys' fees to a non-prevailing party—when Congress carefully limited the right to attorneys fees' under Section 505 to a prevailing party—would be to modify the substantive statute, to deprive a portion of that statute of meaning, and to require as a matter of Rule a fee award that is not properly awardable as a matter of statute.  Nothing in the caselaw permits such a result.

The Court also rejects the possibility that that ABG would be entitled to fees if ABG prevailed.  Naturally, if ABG prevailed, that would solve the "prevailing parties" issue previously discussed.  But in *Delta Air Lines, Inc. v. August*, the Supreme Court held that Rule 68 "applies only to offers made by the defendant and only to judgments obtained by the plaintiff"

and "therefore is simply inapplicable [where] it was the defendant that obtained the judgment."
450 U.S. 346, 352 (1981); *In re Water Valley Finishing, Inc*., 139 F.3d 325, 328 (2d Cir. 1998)
("Rule 68 applies only when offers are made by the defendant and a judgment is obtained by the
plaintiff."); 6 William F. Patry, *Patry on Copyright* § 22:215 (2020 ed.) ("Rule 68 does not apply
to prevailing defendants."); 1 Robert L. Rossi, *Attorneys' Fees* § 6:25 (3d ed. 2019) ("Rule 68
does not apply where the defendant obtains a judgment in its favor, so a prevailing defendant
cannot rely on the Rule to obtain attorneys' fees, but instead must look solely to the underlying
statute.").  "[A] nonsettling plaintiff does not run the risk of suffering additional burdens that do
not ordinarily attend a defeat, and Rule 68 would provide little, if any, additional incentive if it
were applied when the plaintiff loses."  *Delta Air Lines, Inc.*, 450 U.S. at 352.

### *The Copyright Act*

ABG also argues that it deserves a bond even putting aside its Rule 68 offer.  It highlights
that under Section 505, the Court has discretion to award attorneys' fees to a prevailing party.
ABG argues that it will be successful in this case either because the Photograph is only
questionably entitled to copyright or because the statute of limitations would bar Plaintiff from
recovering actual or statutory damages for an infringing act in 2012.  For her part, Seidman
responds with caselaw that photographs of three-dimensional objects such as sculptures *are*
copyrightable and that the statute of limitations began to run only when she discovered, or with
due diligence should have discovered, the infringement—which she alleges was in July 2019.

The Court need not tarry long over these arguments.  Defendant may well be right at the
end of the day that the Photograph lacks sufficient originality for copyright protection.
Defendant might also or alternatively be right that Plaintiff could have discovered the
infringement with the exercise of due diligence.  But Defendant has not (yet) put those issues
before the Court in a motion to dismiss or a motion for summary judgment and it would be

premature to reach a conclusion now, in this context.  Suffice it to say that if Defendant prevails on those issues and it turns out that Plaintiff's position was not objectively reasonable, Plaintiff may incur attorneys' fees.  That is sufficient deterrent to promote the objectives of the Copyright Act.  *See Fogerty*, 510 U.S. at 527 ("[D]efendants who seek to advance a variety of meritorious copyright defenses should be encouraged to litigate them to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement."); *id.* at 533 ("The statute says that 'the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.' The word 'may' clearly connotes discretion.") (quoting 17 U.S.C. § 505).

Finally, the Court notes Defendant's argument that the value of the photograph is less than $300, that its only use occurred over eight years ago, and that Plaintiff did not complain about it for nearly a decade.  (Dkt. No. 28 at 6.)  If all of those statements are true, Plaintiff's victory—while legally sufficient to prevent a fees award to Defendant—might well be a hollow one.  She will be entitled to little, if anything, in statutory damages and may well not receive an award to cover attorneys' fees.  *See Otto v. Hearst Commc'ns, Inc.*, 345 F. Supp. 3d 412, 435 (S.D.N.Y. 2018).  That is how the Copyright Act intended to prevent a plaintiff from pursuing a marginal claim.

## CONCLUSION

For the foregoing reasons, Defendant's motion for an order requiring Plaintiff to post a bond is DENIED. The Clerk of Court is respectfully directed to close Dkt. No. 27.

SO ORDERED.

Dated: April 21, 2020
New York, New York
_____
LEWIS J. LIMAN
United States District Judge

13