UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| HELAYNE SEIDMAN, <br>                 Plaintiff, <br> vs. <br><br> AUTHENTIC BRANDS GROUP, LLC, <br>                 Defendant. | Case No. 1:19-cv-08343-LJL <br><br> **PROTECTIVE ORDER** |

LEWIS J. LIMAN, United States District Judge:

    WHEREAS all of the parties to this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to limit the scope of discovery and to protect the confidentiality of certain nonpublic and confidential material that will be exchanged pursuant to and during the course of discovery in this case;

    WHEREAS, the Parties, through counsel, agree to the following terms;

    WHEREAS, the Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment;

    WHEREAS, the Parties further acknowledge that this Protective Order does not create entitlement to file confidential information under seal; and

    WHEREAS, in light of these acknowledgements, and based on the representations of the Parties that discovery in this case will involve confidential documents or information the public

disclosure of which will cause harm to the producing person and/or third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential documents and information, this Court finds good cause for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that any person subject to this Protective Order—including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

1. Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (i.e., information of any kind produced or disclosed pursuant to and in course of discovery in this action) that is designated as "Confidential" or "Confidential – Attorneys' Eyes Only" pursuant to the terms of this Protective Order (hereinafter "Confidential Discovery Material") shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material may designate as Confidential only such portion of such material the public disclosure of which is either restricted by law or will cause harm to the business, commercial, financial or personal interests of the producing person and/or a third party to whom a duty of confidentiality is used and that consists of:

    (a) previously nondisclosed material relating to ownership or control of any non-public company;

    (b) previously nondisclosed business plans, product development information, or marketing plans;

(c) any information of a personal or intimate nature regarding any individual; or

(d) any other category of information hereinafter given confidential status by the Court.

3. The person producing any given Discovery Material may designate as Confidential – Attorneys' Eyes Only only for such material that constitutes or relates to: (a) highly sensitive technical information, and (b) highly sensitive business, financial or commercial information, including licenses, commercial agreements, customer lists, vendor lists, prospective business and marketing plans, profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins.

4. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" or "Confidential – Attorneys' Eyes Only" by: (a) stamping or otherwise clearly marking as "Confidential" or "Confidential – Attorneys' Eyes Only" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted.

5. With respect to deposition transcripts, a producing person or that person's counsel may designate such portion as "Confidential" or "Confidential – Attorneys' Eyes Only" either by (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order" or "Confidential – Attorneys Eyes Only Information

Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential or Confidential – Attorneys' Eyes Only, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be), in their possession or under their control as directed by the producing person or that person's counsel by the reporter. During the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated Confidential. No copy of any transcript of any deposition taken by any Party which is designated in whole or in part Confidential or Confidential - Attorneys' Eyes Only shall be prepared or furnished by the reporter to any person other than to attorneys of record for the Parties.

6. If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that she, he, or it had previously produced without limitation should be designated as Confidential or Confidential – Attorneys' Eyes Only, she, he, or it may so designate by so apprising all prior recipients of the Discovery Material in writing, and thereafter such designated portion(s) of the Discovery Material will thereafter be deemed to be and treated as Confidential or Confidential – Attorneys' Eyes Only under the terms of this Protective Order.

7. No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

(a) the Parties to this action, their insurers, and counsel to their insurers;

(b) counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter, as well as in-house counsel;

(c) outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

(d) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g) any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h) stenographers engaged to transcribe depositions conducted in this action;

(i) any other person whom the producing person, or other person designating the Discovery Material "Confidential," agrees in writing may have access to such Confidential Discovery Material; and

(j) this Court, including any appellate court, and the court reporters and support personnel for the same.

8. No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential – Attorneys' Eyes Only to any other person whomsoever, except to:

(a) the outside counsel representing the Parties, and their paralegals, secretaries and office assistants assigned to the matter and to whom it is reasonably necessary to disclose the Confidential – Attorneys' Eyes Only Discovery Material;

(b) outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system, and to whom it is reasonably necessary to disclose the Confidential – Attorneys' Eyes Only Discovery Material;

(c) any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action to whom it is reasonably necessary to disclose the Confidential – Attorneys' Eyes Only Discovery Material;, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(d) stenographers engaged to transcribe depositions or court hearings conducted in this action;

(e) the Court; and

(f) as required by law or court order upon notice to the designating Party sufficiently in advance of such disclosure to permit it to seek a protective order.

9. Prior to any disclosure of any Confidential or Confidential – Attorneys' Eyes Only Discovery Material to any person referred to in subparagraphs 7(d), 7(f), 7(g) or 8(c) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Protective Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

10. Any Party who objects to any designation of confidentiality may within a reasonable time after receiving the Discovery Material serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with Paragraph 1(B) of this Court's Individual Practices in Civil Cases.

11. Except as set forth in paragraph 8 herein, any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances) may at any time prior to the trial of this action serve upon counsel for the receiving Party a written notice stating with particularity the grounds for the request. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with Paragraph 1(B) of this Court's Individual Practices in Civil Cases.

12. A Party may be requested to produce Discovery Material that is subject to contractual or other obligations of confidentiality owed to a third party. Within five business days of receiving the request, the receiving Party subject to such obligation shall inform the third party of the request and that the third party may seek a protective order or other relief from this

Court. If neither the third party nor the receiving Party seeks a protective order or other relief from this Court within 21 days of that notice, the receiving Party shall produce the information responsive to the discovery request but may affix the appropriate controlling designation.

13. Recipients of Confidential Discovery Material under this Protective Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and specifically (and by way of example and not limitations) may not use Confidential Discovery Material for any business, commercial, or competitive purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material properly obtained independently from and not through or pursuant to the Federal Rules of Civil Procedure.

14. Nothing in this Protective Order will prevent any person subject to it from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided, however, that such person receiving a request, will provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the producing person will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

15. All persons seeking to file redacted documents or documents under seal with the Court shall follow Rule 2(F) of this Court's Individual Practices in Civil Cases. No person may

file with the Court redacted documents or documents under seal without first seeking leave to file such papers. All persons producing Confidential Discovery Material are deemed to be on notice that the Second Circuit puts limitations on the documents or information that may be filed in redacted form or under seal and that the Court retains discretion not to afford confidential treatment to any Confidential Discovery Material submitted to the Court or presented in connection with any motion, application or proceeding that may result in an order and/or decision by the Court unless it is able to make the specific findings required by law in order to retain the confidential nature of such material. Notwithstanding its designation, there is no presumption that Confidential Discovery Material will be filed with the Court under seal. The Parties will use their best efforts to minimize such sealing.

16. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial or supporting or refuting any motion for summary judgment, even if such material has previously been sealed or designated as Confidential.

17. Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

18. Each person who has access to Discovery Material that has been designated as Confidential or Confidential – Attorneys' Eyes Only shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

19. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft)

exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is technically, administratively, and physically secure and confidential. In the event that the person receiving PII experiences a data breach, she, he, or it shall immediately notify the producing person of the same and cooperate with the producing person to address and remedy the breach. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

20. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential" or "Confidential – Attorneys' Eyes Only," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.  The receiving Party shall certify its compliance with this paragraph in writing contemporaneously with the return or destruction of the Confidential Discovery Material.

21. All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

22. Any inadvertent disclosure without appropriate confidentiality designation shall be remedied as soon as the disclosing Party learns of its error, by informing all adverse parties, in writing, of the error. Within three (3) business days of notification of an inadvertent disclosure, the receiving Party shall return or destroy the documents without the appropriate designation,

including all copies, and shall contemporaneously certify compliance with this paragraph to the disclosing Party in writing.

23. Inadvertent production of any document, information or other material during discovery in this action shall be without prejudice to any claim that such material is privileged in any way or protected from discovery as attorney work-product, and no Party or non-party witness shall be held to have waived any rights by such inadvertent production. The producing individual or entity shall assert any such privilege or work-product claim promptly upon discovery of its inadvertent production by notifying the recipient of the document, information or material of its claim in writing or orally at a deposition or other hearing of record. Upon receipt of such notice, the recipient shall return all copies of the document, information or material to the producing individual or entity. Such document, information or material shall not be introduced into evidence in this or any other proceeding by any person without the express written consent of the producing individual or entity or by order of the Court, nor will such document, information or material be subject to production in any other proceeding by virtue of the fact that it was inadvertently produced in this proceeding.

24. The Parties agree there will be no discovery of Authentic Brands Group, LLC's ("ABG") revenue or net worth. The Parties further agree there will be no discovery concerning ABG's standards and practices of using copyrighted material.

25. Nothing in this Protective Order shall preclude a Party from making evidentiary objections to the use of Discovery Material.

26. In the event that a Party shall desire to provide access to Confidential Discovery Material hereunder to any person not included in paragraphs 7 or 8 herein, it shall move the Court for an order that such person or category of persons may be given access to the

Confidential Discovery Material. In the event that such a motion is granted, such person or category of persons may have access to the Confidential Discovery Material as set forth in the order granting the motion, provided that such person or persons agree in writing, before such access is given, has executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto.

SO STIPULATED AND AGREED.

Dated:_____        Dated:_____

**LIEBOWITZ LAW FIRM, PLLC**         **LAW OFFICE OF JENNA K. KARADBIL, P.C.**

 /s/ Richard Liebowitz
Richard Liebowitz                     /s/ Jenna F. Karadbil
**LIEBOWITZ LAW FIRM, PLLC**         Jenna F. Karadbil (NY Bar No. 5034707)
11 Sunrise Plaza, Suite 305          40 Worth Street, 10th Floor
Valley Stream, NY 11580              New York, New York 10013
Email: RL@LiebowitzLawFirm.com       Tel: (646) 527-7323
*Attorneys for Plaintiff Helayne Seidman*   Fax: (866) 289-5775
                                      Email: jenna@jfk-lawyer.com

**DICKINSON WRIGHT PLLC**
John L. Krieger (Nevada Bar No. 6023)
(*admitted pro hac vice*)
3883 Howard Hughes Pkwy., Suite 800
Las Vegas, Nevada 89169
Tel: (702) 550-4400
Fax: (844) 670-6009
Email: JKrieger@dickinson-wright.com

*Attorneys for Defendant Authentic Brands Group LLC*

SO ORDERED:

6/1/2020

_____
The Honorable Lewis J. Liman
United States District Judge

12

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HELAYNE SEIDMAN, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:19-cv-08343 (LJL) |
| ) | |
| vs. ) | |
| ) | **NON-DISCLOSURE AGREEMENT** |
| ) | |
| AUTHENTIC BRANDS GROUP LLC, ) | |
| ) | |
| Defendant. ) | |

LEWIS J. LIMAN, United States District Judge:

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or Confidential – Attorneys' Eyes Only. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will either return all discovery information to the party or attorney from whom I received it, or upon permission of the producing party, destroy such discovery information. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated:_____        _____